Filed: 10/19/2021 1:38 PM
Lynne Finley
District Clerk
Collin County, Texas
By Paula Bishop Deputy
Envelope ID: 58326865

No. 429-05769-2021

| | | |
|---|---|---|
| **William Ray and WR Ranch,** § | | **In a district Court** |
| a Texas Sole Proprietorship § | | |
| wholly Owned by William Ray, § | | |
| **Plaintiff,** § | | |
| § | | |
| **v.** § | | **of** _____ |
| § | | |
| **American Angus Association** § | | **Collin County, Texas** |
| **And Mark D. Welytok,** § | | |
| **Defendants** § | | |

## Plaintiff's Original Petition of Defendants

### TO THE HONORABLE JUDGE OF SAID COURT

**NOW COMES**, William Ray and WR Ranch, a Texas Sole Proprietorship wholly owned by William Ray (Ray) complaining of Defendants American Angus Association (AAA) and Mark D. Welytok (Welytok).

### Discovery Control Plan Level

1. Plaintiff intends discovery be conducted under Discovery Level 1.

### Parties and Service

2. Plaintiff Ray is a Texas resident individual residing at 1355 Shadow Creek Dr., Fairview, TX 75069.

3. Defendant AAA with a corporate address at 3201 Frederick Ave., Saint Joseph, MO 64506 and can be served by serving any officer of said association at the corporate address and/or corporate office of said association being 3201 Frederick Ave., Saint Joseph, MO 64506.

4. Defendant Welytok is an individual with a residence address of 643 Hayner Road, Richfield Springs, NY 13439 and can be served by serving him personally at said residence address of 643 Hayner Road, Richfield Springs, NY 13439 and/or at whatever address he may be found by a licensed and/or registered process server.

Service of Said Defendants as described above can be effectuated by personal delivery.

## Jurisdiction and Venue

5. The subject matter in controversy is within the jurisdictional limits of this Court.
6. Plaintiff seeks monetary relief over $500,000 including damages of any kind, penalties, costs, expenses, and pre-judgment interest.
7. Plaintiff additionally seeks pre-judgment injunctive relief to protect his interest in the disputed cow and/or progeny/offspring from said cow.
8. This court has jurisdiction and venue since the Plaintiff resides in Collin County, TX, and the transaction or transactions in question occurred while Plaintiff resided and maintained a legal residence in Collin County, TX.

## Facts

9. The parent breeder cow (i.e., 1AWelytok/WR Blackcap 8020, Reg: AAA#19228897 (Cow)) was bred by Plaintiff at his ranch in Greenville, TX (WR Ranch) and was wholly owned by Plaintiff when he sold a ½ (50% interest) in such cow to Defendant Welytok on 1-25-20 at the Ft. Worth Stars of Texas auction conducted by Texas Angus Association. Subsequent to said date Welytok bred progeny/offspring from the above-

referenced Cow and was able to get the US registration authority for Angus cattle (i.e., AAA) to record on applicable registration documents the name of the owner of the progeny/offspring as solely that of Defendant Welytok even though the parent Cow was owned jointly by Welytok and Plaintiff Ray thus entitling Ray to be 50% owner of said offspring/progeny and be included as 50% owner on the registration documents.

Going further, Plaintiff notes for the record that based on information and belief Defendant Welytok knowing that the offspring have substantial value is busy breeding additional offspring and plans to sell or could shortly sell the current and further offspring of Cow as noted above excluding Plaintiff Ray from any proceeds of sale all of which would be violative as to Plaintiff's rights to 50% of said sales proceeds.

All of the above acts constitute a breach of contract/quasi contract, negligence, and/or actionable fraud for which Plaintiff Ray seeks both actual damages and/or compensatory damages as well as injunctive relief as further noted and/or explained below.

### Injunction

10. Plaintiff requests injunctive relief under the provisions as specified under Ch. 65 of the Texas Civil Practice and Remedies Code (CPRC). Such request for injunctive relief is further based on the provisions of Sec. 65.001 of the CPRC which specifically states that injunctive relief is based on equity and further in accordance with Sec. 65.011which states that " a writ of injunction may be granted if (2) a party performs or is about to perform or is procuring or allowing the performance of an act relating to the subject of

the pending litigation, in violation of the rights of the applicant, and the act would tend to render the judgment in the litigation ineffectual;".

Here we have a situation where Defendant Welytok is knowingly registering offspring/progeny of a Cow owned 50% by Plaintiff Ray and 50% by Defendant Welytok without the advice, assistance, and/or participation of Plaintiff Ray even with full knowledge that Plaintiff Ray has an interest in 50% of any proceeds of sale of offspring/progeny of said Cow without the knowledge and/or consent of Plaintiff Ray and under circumstances where Defendant Welytok can keep the full proceeds of any sale(s). In addition, Defendant AAA participates in such apparently unlawful activities by allowing Defendant Welytok to register the ownership of said offspring/progeny under the national title/registration system for Angus cattle without the requisite participation of Plaintiff Ray and/or without the possibility for a 3rd party buyer of said cattle to know of Welytok's unlawful acts since Plaintiff Ray's name is not contained on or within the registration documents and thus a 3rd party purchaser has no knowledge as to said interest of Plaintiff Ray in the cattle being sold thereby allowing Welytok to sell the cattle to 3rd parties and falsely represent 100% ownership in the cattle and then falsely collect 100% of the sale proceeds.

All of the actions as described above show the need for injunctive relief not only as to Defendant Welytok who is committing the fraud as to Plaintiff Ray by registering offspring/progeny cattle from the jointly owned Cow under facts and/or circumstances as noted and/or explained in this petition but also as to AAA who solely run the registration/data base and/or title records allowing Welytok to register as sole owner of offspring/progeny of Cow thus enabling Welytok to avoid making the requisite payment of 50% of sale proceeds of said

progeny/offspring to Ray even though under both equity and the law as further noted and/or explained herein Plaintiff Ray has a 50% interest in such progeny/offspring and would be entitled to 50% of the proceeds of any sales which he would not receive due to errors/omissions of AAA in reference to said Angus cattle in their data system/registration system.

Based on all of the above, Plaintiff Ray requests this Honorable Court grant a Temporary Restraining Order (TRO) followed by a Temporary Injunction (TI) after appropriate hearing for Ray and against Welytok as follows:

1. Welytok should be restrained from unilaterally selling and/or transferring title without the participation of Plaintiff Ray, as to any current offspring/progeny and as to any additional offspring/progeny cattle from the Breeder Cow (i.e. 1AWelytok/WR Blackcap 8020 Reg: AAA #19228897 (Cow)) from this date forward until this matter has been finally resolved since it is most probable that Plaintiff Ray will prevail upon trial and that failure to grant said injunction will cause irrevocable harm in that Defendant Welytok will transfer and/or sell offspring/progeny cattle of Cow unilaterally and/or without the participation of Plaintiff Ray without payment of 50% of sale proceeds properly owing by Welytok to Ray and without said injunctive relief thus perpetuating the ongoing fraud and/or unlawful taking of sale proceeds by Welytok to the detriment of Ray and;

2. AAA should be restrained from transferring title and/or registration of title to offspring of the Bred Cow (i.e. 1AWelytok/WR Blackcap 8020 Reg: AAA #19228897 (Cow)) upon the unilateral and/or sole order of Welytok without the participation and/or consent of Plaintiff Ray and the addition of Ray's name to the transfer document since absent said

registration and/or title transfer on the sole order of Welytok without the joint participation of co-owner Ray further fraud will exist (i.e. Welytok selling and/or transferring offspring/progeny cattle of the Breeder Cow unilaterally and then defrauding Plaintiff Ray of his 50% ownership share in said sales proceeds).

Going further, under TRCP 65.001 under the above facts per (3) "the applicant (Ray) is therefore entitled to a writ of injunction under the principals of equity and the statutes of this state relating to injunctions: and further under (4) if such transaction(s) are not restrained "a cloud would be placed on the property being sold" and thus without said restraint(s) (5) irreparable injury to real or personal property is threatened, irrespective of any remedy at law."

Here, as to both Injunction Defendants (i.e., Welytok and AAA) all of said conditions have been met and thus Plaintiff Ray should receive immediately the requested injunctive relief (1) a TRO followed by a TI after appropriate hearing properly restraining Welytok and/or AAA from further action(s) as noted above pending completion of this Lawsuit.

Movant Ray accordingly requests from this Court the issuance of an immediate TRO against these Defendants followed by a TI as follows:

1. Welytok is herewith restrained from unilaterally selling and/or transferring title without the participation of Plaintiff Ray in regard to current offspring/progeny and in regard to any additional offspring/progeny cattle from the Breeder Cow (i.e. 1AWelytok/WR Blackcap 8020 Reg: AAA #19228897 (Cow)) from this date forward until this matter has been finally resolved since it is most probable that Plaintiff Ray will prevail upon trial and that failure to grant said injunction will cause irrevocable harm in that Defendant

Welytok will transfer and/or sell offspring/progeny cattle of Cow unilaterally and/or without the participation of Plaintiff Ray and without payment of 50% of the sale proceeds properly owing by Welytok to Ray and thus without said injunctive relief thus perpetuating the ongoing fraud and/or unlawful taking of said sales proceeds by Welytok to the detriment of Ray and;

2. AAA is herewith restrained from transferring title and/or registration of title to offspring of the Breeder Cow (i.e. 1AWelytok/WR Blackcap 8020 Reg: AAA #19228897 (Cow)) upon the unilateral/sole order of Welytok without the participation and/or consent of Plaintiff Ray since absent said registration and/or title transfer on the sole order of Welytok without the joint participation of co-owner Ray further fraud will exist (i.e. Welytok selling and/or transferring offspring/progeny cattle of the Breeder Cow unilaterally and then defrauding Plaintiff Ray of his 50% ownership share in said sales proceeds).

Plaintiff Ray further requests the TRO's as referenced above be granted unilaterally subsequent to the filing of this petition on the sole request of Plaintiff Ray and further requests and/or understands that the TRO will remain valid for a period not exceeding fourteen (14) days on (1) Welytok and (2) AAA from date of issuance and service and thus further requests that this Court further, at the time of issuance of said TRO, shall further schedule a hearing for the TI on _____ at _____ o'clock.

11. Plaintiff's Claim for Breach of Contract/Quasi Contract and/or Negligence.

Plaintiff repleads and/or incorporates by reference all previous paragraphs as set forth herein and alleges these claims against both Defendants.

Plaintiff alleges that under contract/quasi-contract that Defendant Welytok had a duty knowing the Cow as noted above was owned jointly by Ray and Welytok with each owning an undivided 50% interest in said Cow and with the further requirement that both Ray and Welytok participate in and/or agree verbally and or in writing to any sale and/or registration of any offspring/progeny of Cow and that at said time further agreements need be made between the parties to split any proceeds of sale. Welytok did not comply with said agreements and alternatively registered the offspring/progeny himself without any participation by Ray, thus enabling Welytok to sell offspring/progeny without the participation of Ray. Such actions constitute a breach of contract/quasi contract and/or further negligence in that Welytok could complete a sale himself and not involve Plaintiff Ray in the process and thus profit by not providing Ray with his 50% share of any proceeds of sale, thus depriving Ray of the 50% of the sale proceeds properly owing by Welytok to Ray.

Plaintiff further alleges that Defendant AAA was complicit in these actions and has gone ahead and allowed Defendant Welytok to secure a title report and/or registration documents as to offspring/progeny from Cow without the co-owner of Cow, Ray, listed on said documents in apparent violation of the requirements and/or rules for AAA as noted in their various corporate/association documents including, but not limited to, sales book(s), by-laws, meeting minutes, association procedure document(s) and/or manuals for operations, etc. etc. and thus is liable to Plaintiff Ray for all resultant damages for the preparation of title documents for offspring/progeny from Cow upon the sole request of Welytok well knowing that Welytok could

unilaterally secure title documents/transfer of ownership and/or certification as to ownership documents and could then transfer offspring/progeny from Cow to other 3rd parties without the knowledge and/or participation of Plaintiff Ray with full knowledge that this would result in the sale of animals to 3rd parties under circumstances under which Plaintiff Ray would not receive his payment for a ½ interest in said sale(s) of offspring/progeny of cow and such actions makes said Defendant AAA additionally subject to damages for these claims.

12. Plaintiff's Claim for Fraud, Fraud in the Inducement, Common Law Fraud and/or Intentional Fraud.

Plaintiff repleads and/or incorporates by reference all previous paragraphs as set forth herein and Alleges these claims against Defendant Welytok only.

Plaintiff further alleges under this section that proof at trial will show that the registration of offspring/progeny solely in Welytok's name as noted above was intentional and that Defendant Welytok took said actions intentionally so that he could sell the offspring of Cow without paying the requisite 50% of the sales proceeds to Plaintiff Ray and such actions being therefore intentional thereby subjects Welytok to a claim for fraud, fraud in the inducement, common law fraud, and/or Intentional fraud and further makes Defendant Welytok liable to Plaintiff Ray for not only actual damages but further for compensatory and/or punitive damages as deemed to be just and/or appropriate by this Honorable Court.

### Damages for Plaintiff

13. As a direct and proximate result of the occurrences made the basis of this lawsuit, Plaintiff was caused to suffer and incur the following damages:

A. Omission of WR Ranch on registration documents which will result in loss of sales proceeds on offspring and/or progeny of Cow plus costs, expenses, and/or attorney's fees as to all Defendants.

B. Consequential damages for fraud, fraud in the inducement, common law fraud and/or Intentional Fraud as to Defendant Wolytak and resultant damages for said fraud including costs, expenses, and/or attorney's fees plus consequential damages and/or punitive damages as deemed just and/or appropriate by this Honorable court.

C. Costs, Expenses, attorney's fees and both pre-judgement and post judgements interest as to all defendants.

### Request for Disclosure

14. Pursuant to Texas Rules of Civil Procedure (TRCP) Rule 194, and with regards to Plaintiff's Original Petition, Plaintiff requests that Defendants disclose within fifty (50) day of service of this request, the information and/or materials described in Rule 194.2 (a) (1).

### Prayer

15. Wherefore, premises considered, Plaintiff Ray prays that Defendants be cited to appear and answer herein, and that upon hearing of this Cause, Judgment be entered for the Plaintiff against these Defendant(s) for damages in an amount within the jurisdictional limits of this Court together with pre-judgment interest at the maximum rate allowed by law, post judgment interest at the legal rate, costs of court, and/or any relief as to which Plaintiff may be entitled to at law or in equity.

Respectfully submitted,

By: _____
Steven Pitzner, Esq
Bar # 16055900
The Law Offices of Kenneth G. Wincorn, P.C.
100 N. Central Expressway, Suite 1310
Richardson, Texas 75080
Phone: 214-630-1221 X153
Fax: 214-630-2155
Email: spitzner@wincorn.com

### Certificate of Service

The undersigned attorney herewith certifies that a true and correct copy of this document has been furnished to all counsel of record via Texas e-file this ___19th___ day of October, 2021.

_____
Attorney Certifying